IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Steel City Enterprises, Inc.,**<br><br>Plaintiff,<br><br>v.<br><br>**The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule to the Complaint,**<br><br>Defendants. | Case No.: 23-cv-06993<br><br>Judge: Hon. Manish S. Shah<br><br>Magistrate Judge: Hon. Sunil R. Harjani |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AS TO ALL REMAINING DEFENDANTS**

Plaintiff Steel City Enterprises, Inc. ("Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the defendants identified on Schedule A that still remain in the case (collectively, the "Defaulting Defendants").

**INTRODUCTION**

Plaintiff is the owner, by way of assignment, of the '973 Patent and sells products that embody the '973 Patent. *See*, Amended Complaint [14] at ¶¶ 3, 7. The '973 Patent issued on February 14, 2023. *Id*. at ¶4. Plaintiff brought this suit for patent infringement against online retailers, including Defaulting Defendants, who sell products which infringe the '973 Patent (collectively, the "Unauthorized Products") on various third-party marketplaces. The influx of the Unauthorized Products sold in the U.S. has caused significant damage to Plaintiff's business.

Defaulting Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District through the operation of the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified on Schedule A to the Amended Complaint (collectively, the "Defendant Internet Stores"). *Id*. at ¶¶ 9-10. Each Defaulting Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell Unauthorized Products to consumers within the United States, including the State of Illinois. *Id*.

On November 20, 2023, Plaintiff served the Defaulting Defendants. *See* [29] (Proof of Service); [29-1] (Service List). Pursuant to Fed. R. Civ. P. 12(a)(1), each of the Defaulting Defendants who were served on November 20, 2023, were required to answer or otherwise plead within twenty-one days, excluding the day service was effectuated. Despite having been served, none of the Defaulting Defendants have appeared before this Court and the deadline for the Defaulting Defendants to answer the Amended Complaint or otherwise plead has long passed.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Entry of Default and Default Judgment Order finding that Defaulting Defendants are liable on Count I of Plaintiff's Complaint. Plaintiff also seeks entry of a permanent injunction

prohibiting Defaulting Defendants from selling Unauthorized Products and an order that assets in Defaulting Defendants' financial accounts, including those operated by third party marketplaces, as well as any newly discovered assets, be transferred to Plaintiff up to the amount of the requested damages award below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides the mechanism by which a claimant may seek default against another party. First, an entry of default is made pursuant to Fed. R. Civ. P. 55(a). As outlined below, this motion serves as Plaintiff's request for an entry of default and subsequent entry of default judgment against Defaulting Defendants.

Accordingly, for this default judgment motion, Plaintiff's factual allegations are accepted as true and cannot be disputed. *See, e.g., Am. Taxi Dispatch, Inc. v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008) ("As the Court has entered default, it accepts Plaintiff's . . . allegations as true"). Therefore, the allegations in Plaintiff's Amended Complaint [14] are accepted as true and liability is established. *See, e.g., VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. Ill. 2016) ("The basic effect of an entry of default (step one) is that '[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true. The defaulting party cannot contest the fact of his liability unless the entry of default is vacated under Rule 55(c)'") (citations omitted).

Taking Plaintiff's factual allegations as true, Plaintiff has met all the elements of proving its patent infringement claim against each of the Defaulting Defendants. Accordingly, Plaintiff requests an award of the relief sought in its Amended Complaint, [14], namely statutory damages under 35 U.S. Code § 289 for each defendant's total profits from the sales of infringing products, but not less than $250, or a reasonable royalty under 35 U.S.C. § 284. At a minimum, Plaintiff is

2

entitled to a reasonable royalty from each Defendant for their use and sale of the invention, in addition to interest and other costs as decided by the court.

## ARGUMENT

### I. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Defendants were properly served on November 20, 2023. *See* [29]. Despite having been served, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Accordingly, Plaintiff respectfully asks for entry of default against the Defaulting Defendants.

### II. PLAINTIFF HAS MET THE REQUIREMENTS FOR DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for court-ordered default judgment where a plaintiff's claim is not for a sum certain. Here, Plaintiff has now requested that each of the Defaulting Defendants be held in default and Plaintiff now respectfully submits that default judgment is also appropriate. Accordingly, Plaintiff requests entry of such judgment, as well as an award of damages as outlined *infra*. Plaintiff also seeks entry of a permanent injunction prohibiting the Defaulting Defendants from continuing to sell or offering to sell Unauthorized Products.

#### A. Plaintiff Has Presented Sufficient Proof of Service and Evidence of Jurisdiction

As set forth in Plaintiff's Complaint, the Defaulting Defendants are foreign individuals or business entities. *See* [14] at ¶9. This Court permitted Plaintiff to serve Defendants electronically and Plaintiff served the Defaulting Defendants on November 20, 2023. *See* [22], [29]; [29-1].

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants since each of the Defaulting Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this Judicial District. *See* [14] at ¶¶ 9-12; *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor). Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents are sold Unauthorized Products. *Id*; *see also Monster Energy Co. v. Chen Wensheng, et al.*, No. 15-c-4166, 2015 U.S. Dist. LEXIS 132283, at *11 (N.D. Ill. Sept. 29, 2015).

**B. Default Judgment Is Otherwise Proper**

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defendants on November 20, 2023. *See* [29], [29-1]. No answer or other responsive pleading has been filed by any of the Defaulting Defendants and the

deadline for doing so has since passed. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and Plaintiff requests an award of Defaulting Defendants total profits or a reasonable royalty for Defaulting Defendants' sale of Unauthorized Products. Plaintiff also seeks a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing Unauthorized Products and an order that all currently frozen or later discovered assets, up to the judgment award, be transferred to Plaintiff.

The Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Defaulting Defendants offer for sale, sell, and/or import into the United States for subsequent sale or use Unauthorized Products, which directly and/or indirectly infringe the claims of the '973 Patent and have supplied evidence of that infringement. [14] at ¶27; Amended Complaint, Ex. 2 [16-1]; *See Edge Sys. LLC v. Aguila*, 635 Fed. Appx. 897, 902 (Fed. Cir. 2015) (quoting *Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998)). Finally, Plaintiff has not licensed or authorized Defaulting Defendants to make, use, or sell Unauthorized Products, and none of the Defaulting Defendants are authorized retailers of Plaintiff's Products. [14] at ¶27.

Because the Defaulting Defendants have failed to answer or otherwise plead, the Court must accept the allegations contained in Plaintiff's Amended Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I against Defaulting Defendants for infringement of United States Design Patent under 35 U.S.C. § 271.

Further, because the Defaulting Defendants have failed to appear in this action, Plaintiff is without alternative recourse to seek damages for the harm caused by their conduct absent a final

default judgment. Accordingly, Plaintiff will be prejudiced if default is denied. Absent a default judgment, Plaintiff is without remedy to prevent such ongoing harm.

**III.     Plaintiff is Entitled to Defaulting Defendants' Profits Pursuant to 35 U.S.C. § 289 or a Reasonable Royalty Pursuant to 35 U.S.C. § 284**

**A.  Plaintiff is Entitled to the Profits of Def. No. 36 Pursuant to 35 U.S.C. § 289**

Pursuant to 35 U.S.C. § 289, a patentee may recover the total profits made by a defendant. Section 289 provides that "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250..." 35 U.S.C. § 289. These damages, however, are in addition to any other available remedy, as long as a patentee does not twice recover a defendant's profit made from infringement. *Id.*

Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Nordock, Inc. v. Systems, Inc.*, No. 11-cv-118, 2017 U.S. Dist. LEXIS 192413, at * 7 (E.D. Wisc. Nov. 21, 2017). However, if the defendant believes that the article of manufacture is different, it has the burden to produce evidence showing the article of manufacture. *Id*. The defendant also has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. *Id*. In the related field of trademark infringement, the Seventh Circuit has clearly placed the burden of proving any costs or deductions on the defendant:

6

> [t]he burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.

*WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) quoting *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07, 62 S. Ct. 1022, 86 L. Ed. 1381, 1942 Dec. Comm'r Pat. 767 (1942).

Courts have subsequently extended this burden to design patent defendants. "Although § 289 does not explicitly impose any burden on the defendant, this shift in the burden of production is consistent with the disgorgement of profits in other contexts." *Nordock, Inc.*, 2017 U.S. Dist. LEXIS 192413, at *7-8. *See also In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) ("[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty") (citations omitted). Accordingly, when tasked with calculating an award of profits against a defendant who has failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See*, *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) (calculating profits under the Lanham Act); *Chloe v. Queen Bee of Beverly Hills*, No. 06-civ-3140 (RJH)(MHD), 2009 U.S. Dist. LEXIS 84133, at *15-17 (S.D.N.Y. Jul. 16, 2009) (same); *Evriholder Prods. LLC v. Simply LBS Co.*, 2020 U.S. Dist. LEXIS 71936, at *2-25 (S.D.N.Y. April 21, 2020) (awarding gross profits against defaulting design patent defendant who failed to prove any costs or deductions and collecting cases).

Here, the '973 Patent claims "[t]he ornamental design for a container plug, as shown and described." [14] at ¶6. In the case of a design for a single-component product, such as the product that embodies the '973 Patent design, the "product is the article of manufacture to which the design

7

has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. As such, the relevant article of manufacture is each of the Infringing Products sold by Defaulting Defendants.

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information regarding Defaulting Defendants' profits from the sale of Infringing Products. Defaulting Defendants have not produced any documents or information: (1) characterizing each of the transactions in their financial accounts, (2) other accepted payment methods; or (3) other Internet stores that they may be operating. As such, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008); *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7.

However, through third-party discovery, Plaintiff has obtained partial sales records for many of the Defaulting Defendants. Those partial sales records demonstrate that the below Defaulting Defendant, Def. No. 36, has generated *at least*[1] the revenue listed in the table below from its infringing sales. For Def. No. 36, Plaintiff elects to pursue its total profits (*i.e.*, total known revenue because Def. No. 36 has not shown any costs or deductions) pursuant to 35 U.S.C. § 289.

| Def. No. | Store Name | Known Revenue |
|---|---|---|
| Def. 36 | Red Deer Express | $27,938.88 |

**B. Except for Def. No. 36, Plaintiff is Entitled to a Reasonable Royalty Award of $500 Per Defaulting Defendant Pursuant to 35 U.S.C. § 284**

Pursuant to 35 U.S.C. § 284, at a minimum, a patentee is entitled to a reasonable royalty for the infringers use and sale of the invention, in addition to interest and other costs as decided by the court. 35 U.S.C. § 284. Because the Defaulting Defendants are deemed liable for infringing

---

[1] Because Def. No. 36 has not appeared, Plaintiff was unable obtain discovery relating to any additional listings for infringing products other than the listings set forth in Schedule A.

Plaintiff's '973 Patent, a reasonable royalty award is the floor for the damages to which Plaintiff is entitled. *See Rimlinger v. Shenyang 245 Factory*, 2014 WL 2527147, at *4 (D. Nev. Jun. 4, 2014) ("Having already concluded that Plaintiff's allegations make out a case of patent infringement, the Court is obligated to award damages").

To determine reasonable royalty damages, a "willing licensor-willing licensee" approach is used. This approach attempts to ascertain the royalty upon which the parties would have agreed had they successfully negotiated an agreement just before infringement began. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970); *see also Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1554 n.13 (Fed. Cir. 1995) (*en banc*); *Radio Steel & Mfg. Co. v. MTD Prods., Inc.*, 788 F.2d 1554, 1557 (Fed. Cir. 1986) ("The determination of a reasonable royalty, however, is based not on the infringer's profit, but on the royalty to which a willing licensor and a willing licensee would have agreed at the time the infringement began").

Although it is Plaintiff's duty to prove damages, any doubts regarding the computation of damages must be resolved against Defaulting Defendants due to their default. *See Keystone Global LLC v. Auto Essentials, Inc.*, 2015 WL 224359 at *5 (S.D.N.Y. Jan. 16, 2015) ("While [plaintiff's] method of calculating damages is hardly precise, the evidence necessary to assess damages with greater precision is lacking because of [defendant's] default and failure to participate in discovery. Thus, any doubts about plaintiff's damages should be resolved against [defendant]." (internal quotations and citations omitted)); *see also IPVX Patent Holdings, Inc. v. Taridium, LLC*, 2014 WL 4437294, at *3 (E.D.N.Y. Aug. 6, 2014) ("The damages calculation may not be based on mere speculation or guess but is sufficient if the evidence shows the extent of the damages as a matter of just and reasonable inference, although the result may only approximate").

9

As an initial matter, Plaintiff values its lawful patent rights by excluding others from making, using, selling, offering for sale, and importing to the U.S. any products that embody the '973 Patent. Accordingly, Plaintiff has never licensed out the '973 Patent and would not voluntarily grant a license to any Defaulting Defendants (Declaration of Brendan Kutcher at ¶¶ 3, 5). Due to the high demand for the product, the minimal cost of materials, and Defendants' ability to manufacture the product extremely quickly, granting a license to Defaulting Defendants would enable Defendants to undercut Plaintiff's business and erode its prices. However, even without a license, the Defaulting Defendants sold these infringing products for a price lower than that of Plaintiff's genuine products, thus, undercutting Plaintiff's business and eroding its prices. *Id*. at 6.

Due to the inescapable price erosion and lost sales that would arise from licensing the '973 Patent, if forced to accept a licensing agreement under the "willing licensor-willing licensee" standard, Plaintiff would demand a licensing fee of no less than $500.00 per Defendant in exchange for a license for the '973 Patent, in addition to a royalty for any sales above $500.00 and the licensee being responsible for all transaction costs associated with negotiation of the licensing and royalty fees, such as drafting costs, due diligence, and attorneys' fees. *Id*. at 7. For these reasons, a $500.00 payment per Defaulting Defendant for the license at the time just before the infringement is reasonable.

### C. Except for Def. No. 36, Plaintiff is Entitled to an Award for Expected Transaction Costs

In applying the "willing licensor-willing licensee" approach for a reasonable royalty award under 35 U.S.C. § 284, courts have routinely held that a hypothetical license negotiation would have required transaction costs, which would be paid by the Defaulting Defendants. *See Core Distribution, Inc. v. Doe*, No. 16-cv-04059 (SRN/HB), 2018 U.S. Dist. LEXIS 200383, at *20 (D. Minn. Nov. 27, 2018). In addition to a reasonable royalty award, the court awarded Plaintiff an

10

additional $50,000.00 in expected transaction costs required for the hypothetical patent license negotiation process. The expected transaction costs included fees for Plaintiff's due diligence, the negotiation of the royalty, and the negotiation and drafting of any license agreement between Plaintiff and Defaulting Defendants. The $50,000 award was divided evenly among the 12 Defaulting Defendants equaling $4,166.67 per Defaulting Defendant. *See id.* at *28.

Accordingly, Plaintiff is entitled to the expected transaction costs of a hypothetical license negotiation including costs related to due diligence, negotiation of the royalty, and negotiation and drafting of any license agreement. Due to the similar circumstances and the exact same number of Defendants as *Core Distribution, Inc. v. Doe* above, Plaintiff is entitled to $50,000 in expected transaction costs apportioned among the 12 Defaulting Defendants. (*i.e.* $4,166.67 each for the 12 Defaulting Defendants).

**D. Except for Def. No. 36, Plaintiff is Entitled to Treble Damages for Defaulting Defendants Willful Infringement.**

The Patent Act provides that "When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed." 35 U.S.C. § 284. Treble damages are warranted in this case. By defaulting, the Defaulting Defendants are deemed to have admitted that their infringement of the '973 Patent is willful. *See, e.g., J Blazek*, 2007 U.S. Dist. LEXIS 86281, 2007 WL 4191715, at *2 ("Therefore, by defaulting, Euro Expo admits that it has willfully infringed the Blazek Patents"). Additionally, a finding of willfulness is alone sufficient to support an award of increased damage. *See Shatterproof Glass Corp. v. Libbey-Owens Ford Co.*, 758 F.2d 613, 628 (Fed. Cir. 1985).

Overall, Plaintiff elects to pursue a reasonable royalty for the Defaulting Defendants, with the exception of Def. No. 36, because the relevant third-party marketplaces either did not report sales for the respective Defaulting Defendant or reported only nominal sales. Such nominal sales

are less than what Plaintiff would have obtained from a reasonable royalty pursuant to 35 U.S.C. § 284, and the aforementioned "willing licensor-willing licensee" agreement standard. Accordingly, when combining the $500.00 fee for a license agreement and the $4,166.67 for the apportioned transaction costs of the hypothetical royalty agreement negotiation, Plaintiff requests an award of $4,666.67 USD trebled to $14,000.00 USD as a reasonable royalty from each of the Defaulting Defendants, with the exception of Def. No. 36.

### E. Plaintiff is Entitled to Attorney's Fees Under 35 U.S.C. § 285

A finding of willfulness is sufficient to support an award of attorneys' fees to Plaintiff. "In the context of default, a pleading that infringement was willful is sufficient to establish entitlement to attorneys' fees." *Cevia Logic Inc. v. Frame Media Inc.*, 2014 U.S. Dist. LEXIS 176328, 2014 WL 7338840, at *4 (C.D. Cal. Dec. 19, 2014) (citing *Derek Andrew, Inc. v. Proof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008) (Where the court determined the case to be exceptional pursuant to 35 U.S.C. § 285 and defaulting defendants were found to be willful patent infringers for the purpose of default judgment).

The case before this court is analogous to the above. Due to Defaulting Defendants failure to appear before this Court and Plaintiff's allegations of willfulness against Defaulting Defendants, the Court should find that the Defaulting Defendants were willful in their infringement of the '973 Patent and that this case is exceptional pursuant to 35 U.S.C. § 285. Thus, Plaintiff is entitled to attorneys' fees from Defaulting Defendants, independently, under a finding of willfulness and a finding of exceptionality pursuant to § 285.

Plaintiff's counsel has worked a total of 83.58 hours on this case and, thus, Plaintiff is entitled to attorneys' fees of $18,507.50, to be divided amongst all thirteen (13) Defaulting Defendants ($1,423.65 per Defaulting Defendant). (See Decl. of Nicholas S. Lee at 8).

Pursuant to Fed. R. Civ. P. 8(a)(3), a plaintiff's demand for relief must be specific. In the context of a default judgment, the relief sought is limited to that identified in the subject pleading. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings"). Here, Plaintiff's Complaint alleged that Defendant's infringement was willful. *See* [14] at 33. Willful infringement was shown by the Defendants' advertisements, which included pictures, many of which taken directly from Plaintiff's website, of Plaintiff's product, and product instructions. Plaintiff's Complaint also states that Plaintiff is seeking an award of treble damages for Defendant's willful infringement, in an amount to be proven at trial, in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interests and costs. *See* [14] at Prayer For Relief ¶D and ¶E. Finally, Plaintiff has asked that this case be held exceptional, and that it be awarded its reasonable attorney's fees and that the damages outlined above be trebled pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 285. *See* [14] at Prayer for Relief ¶E, ¶F, and ¶G. Overall, $4,666.67 trebled to $14,000.00 plus $1,423.65 of attorneys' fees would equal a total amount of $15,423.65 per Defaulting Defendant, with the exception of Def. No. 36, awarded to the Plaintiff. For Def. No. 36, Plaintiff should be awarded attorneys' fees in the amount of $1,423.65, the same as the other Defaulting Defendants, but the total awarded to Plaintiff would be $29,362.53 since Plaintiff seeks an award for Def. No. 36's total profits, pursuant to § 289. The award set forth herein is appropriate for the willful infringement by Defaulting Defendants and will deter the Defaulting Defendants and others from future acts of infringement upon patent rights.

### IV. Permanent Injunctive Relief is Proper

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's rights in the '973 Patent. Specifically, Plaintiff requests a permanent injunction consistent with the

scope of injunctive relief previously entered by this Court in the TRO and Preliminary Injunction. *See* [23] and [34]. Such injunctive relief is necessary so that Plaintiff can quickly take action against any new online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling Unauthorized Products. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, No. 14-cv-2060, 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. Nov. 21, 2014); *Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014).

## V.     Any Frozen Assets Should be Ordered Transferred to Plaintiff

To at least partially satisfy the award outlined above, Plaintiff further requests an Order instructing that any remaining assets held in the Defaulting Defendants third-party accounts, not exceeding the total award amount, be transferred to Plaintiff. These accounts have been frozen pursuant to the Temporary Restraining Order and Preliminary Injunction. Plaintiff also requests that any additionally discovered accounts or assets be transferred until the judgment is satisfied.

## VI.    This Judgment Should be Immediately Enforceable

Fed. R. Civ. P. 62(a) ordinarily requires an automatic stay of enforcing a final judgment for a period of 30 days unless the court orders otherwise. Fed. R. Civ. P. 62(a). That automatic stay, however, is not applicable to a final judgment in an action for an injunction, or a judgment that directs an accounting in an action for patent infringement. Fed. R. Civ. P. 62(c). As outlined *supra*, Plaintiff requests a permanent injunction and an award of profits for this patent infringement action. To remove any potential uncertainty, Plaintiff asks that the Court specifically order that the requested final default judgment order be immediately enforceable. Such immediate enforcement is appropriate because 1) Defaulting Defendants have not appeared and thus have not presented any defenses, 2) as a result of their default, Defaulting Defendants have limited grounds upon which they could file an appeal during any would-be stay, 3) Defaulting Defendants account

balances with the various third party marketplaces may decrease during a would-be stay as a result of fees charged by the marketplaces, and 4) immediate enforcement will benefit all parties by more quickly resolving this dispute and releasing any remaining holds on Defaulting Defendants' accounts.

## **CONCLUSION**

For at least the reasons outlined above, Plaintiff respectfully moves this Court for an immediately enforceable Entry of Default and Final Default Judgment against the Defaulting Defendants.

Dated: March 27, 2024                  Respectfully submitted,

/s/ Sameeul Haque
Edward L. Bishop
ebishop@bdl-iplaw.com
Nicholas S. Lee
nlee@bdl-iplaw.com
Benjamin A. Campbell
bcampbell@bdl-iplaw.com
Sameeul Haque
shaque@bdl-iplaw.com
BISHOP DIEHL & LEE, LTD.
1475 E. Woodfield Road, Suite 800
Schaumburg, IL 60173
Tel.: (847) 969-9123
Fax: (847) 969-9124

*Counsel for Plaintiff, Steel City Enterprises, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system and I, or someone at my instruction, will send an email to the email address identified in Exhibit A to the Plaintiff's Motion for Entry of Default and Default Judgment that includes this document and all other relevant documents this March 27, 2024.

/s/ Sameeul Haque
Sameeul Haque